## Case No. 16,654.

### UNITED STATES v. WAYNE.

[Wall, Sr. 134.] 1

Circuit Court, D. Pennsylvania. May 25, 1801.

ATTACHMENTS IN CIVIL SUITS—CIVIL AND CRIMINAL PROCEEDINGS.

Motions and affidavits for attachments in civil suits, are proceedings on the civil side of the court, until the attachments issue, and are to be entitled with the names of the parties: but as soon as the attachments issue, the proceedings are on the criminal side.—Rule to show cause set aside, because mis-entitled.

[Cited in U. S. v. Anon., 21 Fed. 768.]

On Saturday last, the 23d May, Mr. Dallas, after reading the affidavit of one M'Knulty, proving that he purchased the gazette annexed to it, at the office of the defendant, moved for a rule upon the defendant to show cause, on this day, why an attachment should not issue against him for a contempt of the court in publishing in his gazette a paper reflecting upon William Duane, in a cause between Duane and Levi Hollingsworth; the said cause then, and yet pending in this court. [For reports of proceedings in the original case of Hollingsworth v. Duane, see Cases Nos. 6,614, 6,615, and 6,618. For contempt proceedings, growing out of the case, see Id., 6,616, 6,617, and 14,997.]

The rule being granted, Mr. Dallas, this morning, opened the prosecution, by reading an entry of the rule taken on Saturday, which was entitled, "The United States against Caleb P. Wayne;" and an affidavit of one James Humphreys, entitled in the same manner, proving the service of the rule upon Wayne. He said that he had to regret the necessity of this measure; but deeming the publication a contempt of the court, and calculated, if allowed to pass unnoticed, to affect the course of justice as it respected Mr. Duane, and generally to vitiate the purity and impartiality of proceedings at law, he felt himself bound, at the request of his cli-

ent, to bring the matter to a public investigation. He hoped the time would shortly arrive, when every good man, sensible of the evil, would unite with him and each other to restore the press to its proper use; when the possession or command of a few types would no longer give to the proprietor a lawless power over the feelings, reputation, and dearest interests of private citizens. He was proceeding, when

Mr. Chauncey moved that the defendant might be discharged from the rule to show cause. He stated this to be a rule calling on Mr. Wayne to show cause, as against the United States, whereas no such suit or prosecution is depending in this court. The motion was by Duane, the party in a civil suit, to obtain an attachment. Until that is ordered, the whole proceeding is on the civil side, and the rule and affidavits should be entitled with the names of the parties. The attachment when ordered, goes in the name of the United States, and all proceedings, afterwards, are between them and the party offending, and must be entitled accordingly. He cited Tidd, Prac. 142; 3 Term R. 253; 7 Term R. 439. Another objection to the proceedings equally fatal, is, that the affidavit upon which the rule is founded, is not entitled at all; of course the court cannot take any notice of it, even if we did not object. The rule must therefore fall. 2 Term R. 643, 644; 6 Term R. 640.

Mr. Dallas, in answer, said that though the rule was entitled "The United States against Wayne," yet in the body, it was to show cause why an attachment should not issue for publishing, &c. a paper pending the "suit between Hollingsworth and Duane, reflecting," &c. He said that the parties in the civil action being referred to in the rule, if there was any thing in the objection, this might be taken as the title, and the other rejected as surplusage; and thus the motion considered as in the civil cause. He thought the objection merely formal, and did not know that the practice had been settled in this state in conformity with the cases cited.

Mr. Dickerson, on the same side, considered it as optional to proceed on the first motion ex parte United States. Mr. Dallas might, ex officio, take notice of the publication as a contempt of the court; and it was competent for the court, on receiving information of it, to order the rule to show cause as between the United States and the publisher. Had a motion been for an attachment in the first instance, the proceedings would have been on the criminal side: and why, on a rule to show cause, may not the prosecutor, under the order of the court, entitle it as on the part of the United States? If the court can punish for contempts, they can and ought to proceed in the name of the United States. He admitted that the rule and proceedings might be entitled on the civil side until the attachment, if the

party in the cause chose to be the prosecutor. But as this might be considered, ab origine, an official proceeding in a summary way, by the attorney of the United States, under the order of the court; the rule to show cause was properly entitled. At most, he thought it a mere informality and might be overlooked.

Mr. Wallace, for defendant. We are called here to show cause in a case of the United States against Wayne. We have come in on this notice, and it appears there was no prosecution or action of the United States against us at the taking of the rule. The rule is, therefore, irregular, and must fall to the ground. The law is perfectly settled and conformable to common sense, that where, in the course of a civil suit, either party would bring the other, or some third person, into contempt, he must entitle his proceedings according to the civil suit until the court adjudge the party in contempt, and order process of attachment. Then it assumes a criminal aspect, a contempt being an offence; and the process is, of course, in the name of the United States. The gentlemen consider this as merely informal, and sufficient as a notice of the accusation against the defendant; more especially as the rule, in the body of it, specifies the particular ground of the proceeding. Our name for it, is "irregularity." The adjudged cases consider this mode of proceeding to be substantially erroneous. And if soft names for irregular proceedings against the citizen are to legitimate them, the law and the practice of it, will soon become a mere jargon of shapeless and incongruous ingredients. No rules will remain. This proceeding against the defendant is, in its nature, summary, in its consequences, may be very penal; and therefore the defendant is more especially entitled to be treated according to the due course of law in such cases.

Mr. Dickerson's distinction between a rule taken in a civil cause, to bring one into contempt by the party, or by the officer of the court, ex officio, as optional, has no legal foundation. But in this case, the fact is not with Mr. Dickerson. The rule was not taken at the instance of the court, nor, ex officio, by Mr. Dallas, the district attorney; but moved for by Mr. Dallas, as counsel for, and at the instance of Duane. The prosecutor is reduced to a dilemma: if this be a rule taken in a cause between the United States and Wayne, then it is void, for there is no such cause in court: if between Hollingsworth and Duane, then it is mis-entitled on the minutes of the court, on the rule to show cause, and on the affidavit of service. The mover, therefore, should take nothing by his motion. He cited 4 Bl. Comm. 285; 2 Leach's Hawk. P. C. 217.

Before TILGHMAN, Chief Judge, and GRIFFITH, Circuit Judge.

GRIFFITH, Circuit Judge. The motion was made on Saturday last, and, on proving the publication, the rule taken, rather as of course. Neither the court, nor any officer of the court, directed the application, or dictated the title of it. It was moved and entered by the counsel for Duane at their peril; and if an irregular proceeding, the defendant must be discharged. On this point I have no hesitation. The law is, and so is the practice and reason of the thing, that proceedings against a party or some third person for a supposed contempt in the course of a cause, must be entitled as in the civil cause: for until the rule is made absolute, or an attachment is issued, there is no suit between the United States and the person charged with a contempt. When the court have adjudged the party in contempt, they direct an attachment, and the future steps are all on the criminal side. Independent of the general propriety of this method, there is a special reason why the procedure should be as between the parties, until the contempt is established; namely, that the party charged may have his costs, if the motion is rejected or the rule refused. Were the United States made the prosecutor in the first instance, the vexation would be unredressed.

I consider the cases cited, as fully settling the point, and on the best reason. There is a rule, and we must adhere to it, and were it now to be first settled, we could not make a better. The proceedings, therefore, in this case being mis-entitled, the party coming in under them, may avail himself of the irregularity, and I think, ought to be discharged.

TILGHMAN, Chief Judge. I look upon the law as stated by the defendant's counsel, to be settled. The rule is taken by a party in a civil cause, and by him proceeded on with a view to obtain an attachment out of this court, by undertaking to prove that the person he proceeds against, has committed a contempt. The person taking the rule must entitle it as a proceeding in the cause, in the prosecution or pending of which the contempt is alleged. Until the attachment issues, the proceedings must be entitled on the civil side.—Let the defendant be discharged from the rule with costs.

BASSETT, Circuit Judge, was absent.

Mr. Dallas then moved for another rule to show cause to-morrow, which was ordered.